**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LARRY L. DOTEY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-4018-MVL-SS** |
| **TANGIPAHOA PARISH COUNCIL, et al** | |

**REPORT AND RECOMMENDATION**

Before the undersigned is the motion of the defendant, the Parish of Tangipahoa, for sanctions against the plaintiff, Larry L. Dotey, Jr. ("Dotey").  For the reasons described below it is recommended that Dotey's claims be dismissed without prejudice.

BACKGROUND

On August 22, 2005, the plaintiff, Larry L. Dotey ("Dotey"), an African-American, filed a complaint for employment discrimination based on his race against the defendant.  He also alleged harassment and retaliation.  Dotey was represented by counsel.  After a ruling on a motion to dismiss, Dotey was granted leave to amend.  Rec. doc. 10.  His amended complaint was filed on April 26, 2006.[1]  Rec. doc. 11.  The case was set for trial on March 26, 2007. Rec. doc. 16.  Counsel for Dotey withdrew and the trial was continued.  Rec. docs.  18-19 and 21-22.  At a preliminary conference on March 9, 2007, new counsel participated for Dotey, but this counsel did not file a motion to enroll at that time.  The trial was set for January 7, 2008.  Rec. doc. 23.

---

[1] In his original complaint Dotey named as defendants, Tangipahoa Parish Council and Gordon A. Burgess (Tangipahoa Parish President).  Rec. doc. 1.  In the amended complaint Dotey added Tangipahoa Parish as a defendant.  Rec. doc. 11.  Although the motion for sanctions was filed on behalf of Tangipahoa Parish, the relief will be for all three defendants.

On October 16, 2007, the defendant filed a motion to continue the trial and a motion to compel discovery. The defendant contended that the continuance was required because of Dotey's failure to participate in discovery. Rec. doc. 27. The trial was continued and reset for May 19, 2008. Rec. docs. 30 and 34. The lawyer, James A. Gray, II, who appeared at the March 9, 2007 preliminary conference was allowed to enroll as counsel for plaintiff on October 30, 2007. Rec. doc. 32.

In its motion to compel, the defendant sought an order requiring Dotey to respond to written discovery and submit to a deposition. Rec. doc. 26. At the request of counsel for Dotey, the motion was continued to November 21, 2007. Rec. doc. 33. Dotey did not file any opposition. The motion was granted on November 21, 2007. Rec. doc. 35.

A settlement conference was held on November 26, 2007 following which the parties reported they were unable to negotiate a settlement. Rec. doc. 36.

On December 16, 2007, the defendant filed a motion for sanctions for failure to obey the discovery order of November 21, 2007. Rec. doc. 37. The motion was set for January 2, 2008. Rec. doc. 39. Dotey did not submit any opposition. The defendant reports that since the filing of the motion for sanctions, defendant has received nothing from Dotey.

On January 7, 2008, the motion for sanctions was reset for January 16, 2008, and, by Friday, January 11, 2008, Dotey was ordered to demonstrate in writing why his case should not be dismissed with prejudice for failure to comply with the November 21, 2007 discovery order. Dotey was notified that if he failed to comply with this order, a report and recommendation would be issued that his case be dismissed for failure to prosecute. Rec. doc. 43. He has not complied with this order.

ANALYSIS

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear.  See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, (1962).  Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a Court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court.  Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998).  Such a dismissal is considered to be an adjudication on the merits.  Hughes v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996).  The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139.  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the Court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).

Dotey did not comply with the discovery order of November 21, 2007; he did not file any opposition to defendant's motions to compel and for sanctions; and he did not comply with the order requiring him to demonstrate good cause why his case should not be dismissed.  Dotey appeared in proper person from January 24, 2007 through October 30, 2007, but has been represented by counsel since then.  Rec. doc. 19 and 32.  Because of that representation, it is not possible to determine the extent to which Dotey, rather than his counsel, was responsible for the failure to comply with the orders.  However, the fact remains that plaintiff did not comply with the orders.  The ability of the defendant to prepare for trial has been prejudiced.  The trial has been continued at least once because

3

of plaintiff's failure to provide discovery.

## RECOMMENDATION

IT IS RECOMMENDED that defendant's motion for sanctions (Rec. doc. 37) be granted and Dotey's claims against Tangipahoa Parish Council, Gordon A. Burgess (Tangipahoa Parish President), and Tangipahoa Parish be dismissed without prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 16th day of January, 2008.

                                              **SALLY SHUSHAN**
                                       **United States Magistrate Judge**